122

Barg, Appellant, *v.* Shedaker.

Argued November 17, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused February 10, 1966.

*David Freeman,* for appellant.

*Perry S. Bechtle,* for appellee.

OPINION PER CURIAM, January 4, 1966:

Bernard Katz, driving his car southwardly on Frankford Avenue in Philadelphia, stopped at a point opposite the P.T.C. Terminal, to allow his passenger,

Mrs. Florence Barg, to disembark. Frankford Avenue at this place is a six-lane highway, 48-feet wide. Mrs. Barg alighted, walked south along the right side of the car, turned east and proceeded across the front of the car to a point just beyond the left front of the vehicle. She turned to wave "good-bye" to Katz, her son-in-law, when his vehicle was struck from the rear by a vehicle operated by Robert R. Shedaker. The impact drove Katz' car forward and to the left, striking the plaintiff, inflicting injuries.

She brought suit against Shedaker, who brought in Katz as an additional defendant. At the termination of the plaintiff's case, Katz moved for a compulsory nonsuit as to the suit against him, and the motion was granted.

The plaintiff appeals, citing in support of the contention that the nonsuit should be removed, §1020 of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended (75 P.S. §§1020(a) and 1021).

Neither section applies to the facts in the case because it is clear that the stopping at the point indicated was not the proximate cause of the accident. The lower court properly said: "It is undisputed that at the point where the additional defendant stopped his car there was a clear view in each direction for approximately 500 feet, and there was approximately 18 feet between the right side of the additional defendant's car and the curb on the west side of Frankford Avenue. There were two southbound lanes which were clear and unobstructed and the defendant Shedaker had ample room to pass the additional defendant's stationary vehicle without colliding with it. Thus, the only proximate and effective cause of the accident was the patent and inexcusable negligence of defendant Shedaker, without which this accident would never have occurred."

The cases cited by the appellant cover fact situations not comparable with the one involved in the present litigation.

Judgment affirmed.